**WO**                                                                                               SH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas A. Hirano,<br><br>             Plaintiff,<br><br>v.<br><br>Unknown Davidson, et al.,<br><br>             Defendants. | No. CV 21-01352-PHX-MTL (DMF)<br><br><br>**ORDER** |

Plaintiff Douglas A. Hirano, who was previously confined at the Federal Correctional Institution (FCI)-Phoenix, brought this pro se civil rights action pursuant to the Federal Tort Claims Acts (FTCA) and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants have filed Motions to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 15, 16.) Plaintiff was informed of his rights and obligations to respond (Docs. 17, 18), and he did not file a response. The Court will grant the Motions and terminate the action.

**I.     Background**

In his Complaint, Plaintiff alleges that in November 2017, he won a settlement in a previous lawsuit that he initiated against a Bureau of Prisons (BOP) employee. (Doc. 1 at 5.) In the aftermath of that settlement, the BOP employee was fired and subsequently committed suicide. (*Id.*) Plaintiff alleges that in March 2018, Defendant Lt. Davidson "subjected Plaintiff to restrictive confinement in the Special Housing Unit [SHU]" for approximately three-and-a-half months in retaliation for Plaintiff's previous lawsuit. (*Id.*

at 5, 9.) Plaintiff also alleges that in June 2018, his security classification dropped to "low custody," which should have made Plaintiff eligible for transfer to a low security facility, but Defendant Davidson requested for Plaintiff to be transferred to the Designation and Sentence Computation Center, which resulted in Plaintiff "remain[ing] at a medium custody level and facility for an additional year." (*Id.* at 7.) Plaintiff brings a Fifth Amendment due process (Count One) and Eighth Amendment deliberate indifference (Count Two) claims against Defendant Davidson, and an FTCA claim against the United States (Count Three). (*Id.* at 9–11.)

Defendant Davidson moves to dismiss Counts One and Two and argues that Plaintiff's claims are barred by the statute of limitations, are not cognizable under *Bivens*, fail to state a claim, and are barred by qualified immunity. (Doc. 15.) The United States of America moves to dismiss Count Three for lack of jurisdiction, failure to state a claim, and for insufficiency of service of process. (Doc. 16.)

**II.     Motion to Dismiss Standard**

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where the plaintiff is a pro se prisoner, the court must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

As a general rule, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). A court may, however, consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

**III.    Defendant Davidson's Motion to Dismiss**

**A.    Statute of Limitations**

"Although federal law determines when a *Bivens* claim accrues, the law of the forum state determines the statute of limitations for such a claim." *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002), *superseded by statute on other grounds*. Therefore, federal courts apply the statute of limitations governing personal injury claims in the forum state. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Schwarz v. Meinberg*, 761 Fed. App'x 732, 735 (9th Cir. Feb. 13, 2019) ("The statute of limitations for a *Bivens* claim is equivalent to a personal injury claim in the forum state."). In Arizona, the limitations period for personal injury claims is two years. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); Ariz. Rev. Stat. § 12-542 (providing that actions for personal injury must be commenced within two years after the cause of action accrues).

Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers*, 174 F.3d at 991; *Kimes v. Stone*,

84 F.3d 1121, 1128 (9th Cir. 1996.). However, the Court must apply any state rule for tolling to actions brought under *Bivens*. *Papa*, 281 F.3d at 1009.

For the defense of the running of the statute of limitations to be decided on a motion to dismiss, the untimeliness must clearly appear on the face of the complaint. *See Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206-1207 (9th Cir. 1995) ("A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'") (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

Defendant Davidson argues that because Plaintiff's due process and deliberate indifference claims accrued, at the latest, on May 31, 2018, at which point Plaintiff had knowledge of his injuries upon which his claims against Defendant Davidson are based, Plaintiff had until May 31, 2020 to initiate this action, but because Plaintiff did not file his Complaint in this action until August 4, 2021, his claims are barred by the statute of limitations under Arizona law. (Doc. 15 at 7.)

In this instance, it is clear on the face of the Complaint that Plaintiff's claim accrued, at the latest, by June 30, 2018, at which point he was aware of his allegedly unconstitutional three-month confinement in the SHU and his improper transfer to a medium custody facility. Thus, Plaintiff was required to file his claims against Defendant Davidson by June 30, 2020. As previously stated, Plaintiff filed this lawsuit on August 4, 2021. Plaintiff did not respond to Defendant Davidson's Motion to Dismiss despite being given additional time to respond. (*See* Doc. 22 (granting Plaintiff's Motion for Extension of Time and giving Plaintiff until July 7, 2022 to respond to the Motion to Dismiss).) Because it is clear on the face of the Complaint that Plaintiff filed his claims against Defendant Davidson over one year after the applicable two-year statute of limitations elapsed for bringing those claims, and Plaintiff did not respond or otherwise show that any state rules for tolling would have rendered his claims timely, the Court will grant Defendant Davidson's Motion and dismiss Defendant Davidson from this action and dismiss Plaintiff's due process and

deliberate indifference claims as time-barred. As such, the Court will not address Defendant Davidson's remaining arguments.

**IV.     United States' Motion to Dismiss**

   **A.     Timeliness**

The FTCA requires the claimant to file an administrative claim with the appropriate federal agency within two years of its accrual, and suit must be commenced within six months of the agency's denial of the claim or after six months has elapsed without a final disposition of the claim. 28 U.S.C. § 2401(b); *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). This administrative exhaustion requirement is jurisdictional and cannot be waived. *Id.* (quoting *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985)). Moreover, exhaustion must be affirmatively alleged in the complaint. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980).

Here, Plaintiff alleges that he "filed a claim for Damage, Injury or Death pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. [§] 1346 and 2671, Administrative Claim No. TRT-WXR-2019-00270" regarding his FTCA claim in Count Three. (Doc. 1 at 7.) Plaintiff submitted this administrative claim to the BOP Western Regional Office on or about October 5, 2018, and it was received by the BOP on October 15, 2018. (*See* Doc. 16-1 at 4.)[*] On April 11, 2019, BOP Western Regional Counsel Dennis M. Wong responded to Plaintiff's administrative claim and advised that:

> You seek $100,000.00 in compensation for alleged personal injury as a result of events occurring at the Federal Correctional Institution (FCI), Phoenix, Arizona on March 4, 2018.
>
> Investigation fails to disclose any evidence of negligence or other conduct for which the United States is liable. You have

---

[*] Although courts will not normally look beyond the pleadings in resolving a Rule 12(b)(6) motion, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001), a "court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." *Id.* Here, Plaintiff specifically refers to his administrative claim in Count Three of the Complaint (Doc. 1 at 7); thus, the Court will consider the administrative claim and the corresponding response without converting Defendant's motion into a motion for summary judgment.

> failed to establish that you sustained a loss <u>or</u> personal injury as a result of staff negligence in this matter.
>
> Accordingly, your claim is denied. If you are not satisfied with this determination, you are afforded six months from the date of the mailing of this letter via certified mail, within which to bring suit in the appropriate United States District Court.

(*Id.* at 11.) The certified mailing receipt for the letter indicates it was delivered on April 18, 2019. (*Id.* at 14.) Plaintiff filed this lawsuit on August 4, 2021, more than two years after his administrative claim was denied, and well beyond the six-month timeframe for filing a lawsuit. Moreover, Plaintiff has not responded to the Motion to Dismiss or otherwise shown that he has satisfied the FTCA's exhaustion requirement or demonstrated that equitable tolling applies in this instance. Accordingly, Plaintiff's FTCA claim must be dismissed, and the Court will not address Defendant United States' remaining arguments.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motions to Dismiss (Docs. 15, 16).

(2) Defendant Davidson's Motion to Dismiss (Doc. 15) is **granted**, and Defendant Davidson and Plaintiff's due process and deliberate indifference claims in Counts One and Two are **dismissed** as time barred.

(3) Defendant United States of America's Motion to Dismiss (Doc. 16) is **granted**, and Plaintiff's FTCA claim in Count Three is **dismissed** as time barred.

(4) There being no claims or Defendants remaining, this action is dismissed, and the Clerk of Court must terminate the action and enter judgment accordingly.

Dated this 22nd day of December, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

- 6 -